**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JONATHAN DAVID WILLIAMS,**

    **Plaintiff,**

**vs.**                                                    **1:06CV123-MMP/AK**

**STACY SCOTT, et al,**

    **Defendants .**

    _____/

## O R D E R

This cause is before the court upon Plaintiff's filing of an amended civil rights complaint under 42 U.S.C. § 1983 (doc. 10), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 4).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that his attorney, Defendant Stacy Scott, forced him to sign a plea agreement. He alleges that she was ineffective and he seeks damages for "malicious prosecution, future earnings, humiliation, lack of representation, mental distress and suffering, emotional distress."

First, Plaintiff has named the Public Defenders Office and Alachua County as defendants in this cause. Neither entity is suable under 42 U.S.C. §1983 since Plaintiff must name "persons" responsible for violating his rights and therefore, he must delete these entities from a second amended complaint if he files one.

Second, a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Plaintiff wants damages resulting from Scott's alleged ineffective assistance of counsel that resulted in a conviction and sentence he is still serving. This type of lawsuit is not cognizable under constitutional law. If Plaintiff is seeking legal malpractice, this is a state law claim and should be pursued in state court, or if he is alleging that her ineffective assistance of counsel resulted in a wrong conviction and he seeks release from confinement, he should pursue this claim as a habeas petition.

Finally, if there is no accompanying physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered.[1] Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], *reinstating in part* 190 F.3d 1279

---

[1] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

(11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  215 F.3d at 1230.  Nominal damages may still be recovered even though there are no compensable damages.  Slicker v. Jackson, 215 F.3d at 1231, citing Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.  Therefore, Plaintiff's claim for mental and emotional distress must be dismissed.  Further, Plaintiff seeks damages for malicious prosecution, but the named Defendant was his defense counsel.  Ms. Scott did not prosecute Plaintiff, she defended him, so there can be no damages for this claim as to her actions or inactions.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  See, e.g., Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint."  Plaintiff is advised that

the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must respond to this order by **November 16, 2006.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this **17th** day of October, 2006.


                                     **s/ A. KORNBLUM**
                                     **ALLAN KORNBLUM**
                                     **UNITED STATES MAGISTRATE JUDGE**