**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JONATHAN DAVID WILLIAMS,**

    **Plaintiff,**

vs.                                               **1:06CV123-MMP/AK**

**STACY SCOTT, et al,**

    **Defendants .**

                                   /

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 against his public defender, Stacy Scott, the Public Defender's Office, Alachua County, and the State of Florida for malicious prosecution. (Doc. 22). He claims that Stacy Scott, his attorney, forced him to plead guilty, did not investigate his defenses, and did not object to the information knowing it was false.[1] (Doc. 22). He seeks damages for "malicious prosecution, future earnings, humiliation, lack of representation, mental distress, mental suffering, and emotional distress." (Doc. 22, p. 8).

Although he was advised by previous Order to delete the Public Defenders Office and Alachua County as defendants in this cause because neither entity is suable under 42 U.S.C. §1983, that he must name persons, he has named these entities again.

---

[1] He adds that State Attorney Joshua Silverman amended the original charge where there was no "corpus delecti" and no witnesses, but does not assert a claim against this person and states that all of his claims on page 7 are asserted against Stacy Scott.

(Doc. 12).  Further, he was told that a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  He has not explained or otherwise shown that the conviction of which he complains is not the one he is presently serving.  Thus, this type of lawsuit is not cognizable under constitutional law.

Further, malicious prosecution is a state law claim, as is legal malpractice, which should be pursued in state court.  There also cannot be a claim against Ms. Scott for malicious prosecution, since she was his defense counsel.  The only constitutional claim against Ms. Scott arising from these facts is one for ineffective assistance of counsel, and this is a claim which should be pursued in a habeas petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 22, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this *22nd* day of March, 2007.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**