IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JONATHAN DAVID WILLIAMS,

    Plaintiff,
v.                                      CASE NO. 1:06-cv-00123-MP-AK

STACY SCOTT, et al,,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 26, Report and Recommendation of the Magistrate Judge, recommending that Plaintiff Williams' second amended complaint, Doc. 22, be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge filed the Report and Recommendation on Thursday, March 22, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his amended complaint, brought under 42 U.S.C. §1983, Plaintiff seeks damages from his public defender, Stacy Scott, the Public Defender's Office, Alachua County, and the State of Florida for malicious prosecution. The essence of Plaintiff's claim is that he was wrongfully convicted, and that he was convicted of an offense that never exists. The Magistrate recommends that Plaintiff's complaint be dismissed because it lists the Public Defender's Office and Alachua County as defendants in this cause, and neither entity is suable under §1983. The Plaintiff has filed a motion for reconsideration, which the Court construes as an objection to the Magistrate's Report. Plaintiff states that he should be allowed to file a third amended complaint,

with these parties omitted.  Even if Plaintiff were allowed to yet again amend his complaint, it would still suffer the fatal flaw of being barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  As the Magistrate notes, a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under § 1983.  Further, any remaining claim alleged against the proper parties, such as Ms. Scott, would have to be raised in a petition for writ of habeas corpus, not a § 1983 action.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 26, is adopted and incorporated by reference in this order;

2. Plaintiff Williams' second amended complaint, Doc. 22, is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**DONE AND ORDERED** this   *3rd* day of April, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge